# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| **JAMES E. KELLY, JR.**<br>40265 Wathen Road<br>Leonardtown, Maryland 20650<br><br>    Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA**<br><br>Serve: Jonathan F. Lenzner<br>        United States Attorney<br>        District of Maryland<br>        36 S. Charles Street, 4th Floor<br>        Baltimore, MD 21201<br><br>Serve: Monty Wilkinson<br>        U.S. Attorney General<br>        U.S. Department of Justice<br>        950 Pennsylvania Ave. N.W.<br>        Washington, D.C. 20530<br><br>and<br><br>**TOTE SERVICES, LLC a/k/a**<br>**TOTE SERVICES, INC. a/k/a**<br>**INTEROCEAN AMERICAN SHIPPING**<br>**CORPORATION a/k/a INTEROCEAN UGLAND**<br>**MANAGEMENT CORPORATION**<br>10401 Deerwood Park Blvd., Suite 1300<br>Jacksonville, FL 32256<br><br>Serve on: Registered Agent Solutions, Inc.<br>        9 E. Loockerman Street, Suite 311<br>        Dover, DE 19901<br><br>    Defendants. | **CIVIL ACTION NO:**<br><br>**Admiralty and Maritime Claim Under F.R.C.P. 9(H) as to the United States Government** |

## COMPLAINT

COMES NOW, Plaintiff James E. Kelly, Jr., by and through his attorneys, Charles L. Simmons, James Jeffcoat, and Whiteford Taylor & Preston LLP, and sues Defendants United States of America and Tote Services, LLC a/k/a Tote Services, Inc. a/k/a Interocean American Shipping Corporation a/k/a Interocean Ugland Management Corporation (collectively "Tote") and states as follows:

## FACTS COMMONT TO ALL COUNTS

1. Plaintiff James E. Kelly is an adult resident of Leonardtown, Maryland.  At all relevant times, Plaintiff was employed as an able bodied seaman and member of the crew of the SS ANTARES by Tote, which, on information and belief, operated the vessel pursuant to a contract with the United States Government.

2. The SS ANTARES (hereafter the "Vessel") is a military cargo vessel owned by, or operated for, Defendant United States of America and kept on a regular basis in Baltimore, Maryland.

3. Defendant United States of America is a sovereign power and this action is brought against Defendant United States of America pursuant to the Suits in Admiralty Act, 46 U.S.C. §30901, *et seq,*.the Public Vessel Act, 46 U.S.C. §31101, *et seq.*, and other applicable statutory provisions.  Plaintiff brings this Complaint without prepaying fees or costs or providing security therefor, pursuant to 28 U.S.C. § 1916.

4. Tote is a limited liability company formed under the laws of the state of Delaware.

5. Plaintiff alleges, in the alternative, that the SS ANTARES was a vessel owned by or under a demise charter to Defendant Tote, which was operating the Vessel under a time charter

with the United States Government, in which event Defendant Tote would be the proper party Defendant to this action, is liable to Plaintiff for damages resulting from the injuries that form the basis of this suit, under the Jones Act and the admiralty and maritime law of the United States.

6. The cause of action set forth herein is governed by the aforementioned statutes and by the Jones Act, 46 U.S.C. §30104, et seq. and by the admiralty and maritime law of the United States, providing remedies for injuries sustained by Plaintiff while employed as an able bodied seaman and member of the crew of the SS ANTARES.

7. On or about March 7, 2019, while working aboard the SS ANTARES, Plaintiff slipped and fell on some unknown substance which had mixed with leaking water and made the floor extremely slippery. The water had leaked from a long-broken head into the passageway near to his stateroom. The broken and leaking head, had existed for years without being fixed and created a hazard to Plaintiff and other seamen on the vessel.

8. As a result of the incident on or about March 7, 2019, Plaintiff sustained severe personal injuries, including but not limited, to his neck, thoracic spine, and low back. These injures necessitated extensive medical and surgical care and attention and may require further medical, surgical, or hospital care in the future.

9. Plaintiff has suffered, is presently suffering, and will likely continue to suffer, great pain and agony; Plaintiff has lost and will continue to lose large sums of money, which he might otherwise have earned; Plaintiff has been prevented from engaging in his usual duties and activities; and further, likely will be permanently partially disabled as a result of his injuries.

### COUNT I:  Negligence – Jones Act
### (All Defendants)

10. Plaintiff re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

11. Under the Jones Act, Defendants owed an affirmative duty as an employer to provide a safe place for Plaintiff to work.

12. All of Plaintiff's injuries, losses and damages are the direct result of the negligent failure of the Defendants and their agents, servants, representatives, employees, and/or assigns, to provide the Plaintiff with a safe place in which to work in safe and seaworthy conditions, Defendants' failure to provide a proper and safe working environment, and by reason of the negligent failure to furnish the Plaintiff with a safe and seaworthy vessel, and/or by the negligence of the Defendants and their agents, servants, representatives, employees and/or assigns in, *inter alia:*

    A. Failing to provide the Plaintiff with a safe place to work;

    B. Failing to correct a long-standing, unsafe condition of which Defendants knew, or should have known;

    C. Directing, ordering and permitting employees, such as Plaintiff, to work in an unsafe and hazardous environment;

    D. Failing to adequately warn Plaintiff of the negligent, unsafe and unseaworthy conditions;

    E. Failing to adequately inspect and ensure the proper operation of the Vessel and equipment so as to eliminate the risk of injuries to involved personnel;

    F. Failing to provide a seaworthy vessel and appurtenances;

    G. Failing to properly maintain and equip the SS ANTARES;

    H. Failing to properly train and/or supervise its crew and employees;

    I. Failing to conduct appropriate safety analysis of the work prior to permitting work to be commenced; and

      J.      Committing all other negligent acts or omissions to be shown at the trial of this action.

WHEREFORE, Plaintiff James E. Kelly, Jr. demands judgment from and against Defendants United States of America and Tote in the sum of one million dollars ($1,000,000.00), plus interest from the date of incident until paid, together with attorney's fees, all costs and all other general and equitable relief to which Plaintiff may be entitled.

### COUNT II:  Unseaworthiness
### (All Defendants)

13.      Plaintiff re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

14.      Under the General Maritime Law, the Defendants owed a duty to provide a safe and seaworthy vessel to Plaintiff.

15.      All of Plaintiff's injuries, damages, and losses were a direct result of the failure of Defendants to provide Plaintiff with a safe and seaworthy vessel, proper safety equipment, or as a direct result of the failure of the Defendants to provide, operate, and maintain in a proper, safe, and seaworthy condition, the Vessel, her equipment, appurtenances, crew, and tools. Defendants violated this duty to provide a safe and seaworthy Vessel when they:

      A.      Failed to provide the Plaintiff with a safe place to work;

      B.      Failed to correct a long-standing, unsafe condition of which Defendants knew, or should have known;

      C.      Directed, ordered and permitted employees, such as Plaintiff, to work in an unsafe and hazardous environment;

    D.     Failed to adequately warn Plaintiff of the negligent, unsafe, and unseaworthy conditions;

    E.     Failed to adequately inspect and ensure the proper operation of the Vessel and equipment so as to obviate the risk of injuries to involved personnel;

    F.     Failed to provide a seaworthy vessel and appurtenances;

    G.     Failed to properly maintain and equip the SS ANTARES;

    H.     Failed to properly train and/or supervise its crew and employees;

    I.     Failed to conduct appropriate safety analysis of the work prior to permitting work to be commenced; and

    J.     Committed all other negligent acts or omissions to be shown at the trial of this action.

WHEREFORE, Plaintiff James E. Kelly, Jr. demands judgment from and against Defendants United States of America and Tote in the sum of one million dollars ($1,000,000.00), plus interest from the date of incident until paid, together with attorney's fees, all costs and all other general and equitable relief to which Plaintiff may be entitled.

### COUNT III: Maintenance and Cure
**(All Defendants)**

16. Plaintiff re-alleges and incorporates by reference the allegations of the foregoing paragraphs if fully set forth herein.

17. The incident occurred while Plaintiff was performing seamans' work and in the service of a vessel, entitling him to receive maintenance and cure benefits.

18. As a direct result of the injuries sustained by the Plaintiff, without regard to the issues of negligence or unseaworthiness, Defendants as Plaintiff's employer, became obligated to

provide Plaintiff with the means by which to sustain and maintain himself while receiving medical care and attention while he was unable to resume his normal duties.

19. Plaintiff has received past medical care and attention and will, in the future, require further medical care and attention, and may be required to pay for that care, and will be required to support and maintain himself while receiving care and attention while unable to resume his normal duties, for which the Defendants are liable.

WHEREFORE, Plaintiff James E. Kelly, Jr. demands judgment from and against Defendants United States of America and Tote in the sum of one million dollars ($1,000,000.00), plus interest from the date of incident until paid, together with attorney's fees, all costs and all other general and equitable relief to which Plaintiff may be entitled.

Respectfully,

**WHITEFORD TAYLOR & PRESTON LLP**

By:  */s/Charles L. Simmons Jr.*
Charles L. Simmons Jr., (Bar No.: 024278)
James R. Jeffcoat (Bar No.: 30105)
Whiteford, Taylor & Preston, llp
7 St. Paul Street, Suite 1500
Baltimore, Maryland 21202
(410) 347-9491 – telephone
(410) 234-2345 – facsimile
csimmons@wtplaw.com
jjefcoat@wtplaw.com
*Attorneys for Plaintiff James E. Kelly, Jr.*